UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anne E. Pearson, | Civil No. 11-2592 (SRN/FLN) |
| Plaintiff, | |
| v. | |
| Bank of America Home Loans, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Andrew S. Dosdall, Christopher P. Parrington, and Patrick D. Boyle, Skjold Parrington, P.A., 222 South Ninth St., Suite 3220, Minneapolis, Minnesota 55402; for Plaintiff.

Andre T. Hanson, Ronn B. Kreps, and Sparrowleaf D. McGregor, Fulbright & Jaworski LLP, 80 South Eighth St., Suite 2100, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Motion to Dismiss filed by Defendant Bank of America, N.A., named in the Complaint as Bank of America Home Loans. [Doc. No. 3.] For the reasons stated below, the Court grants the Motion to Dismiss and dismisses the Complaint [Docket No. 1-1] with prejudice.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, Plaintiff Anne E. Pearson financed the purchase of her home in St. Paul with a $180,000 mortgage with Countrywide Home Loans, Inc. (Compl. ¶¶ 5-6.) She also secured a home equity line of credit of $45,000 with Countrywide at that time, although this line of credit was ultimately refinanced as a second mortgage on the home

in the amount of $54,000.  (Id. ¶¶ 7, 9-10.)  Defendant Bank of America is the successor to Countrywide's interest in both mortgages.

Plaintiff alleges that she contacted Bank of America in September 2009 to inquire about modifying her payments, because she was having financial difficulties.  (Id. ¶¶ 21-22.)  She further alleges that an unnamed representative of Bank of America told her "to stop making mortgage payments in order to qualify for financial assistance."  (Id. ¶ 25.)  According to Plaintiff, she also sent Bank of America an application for modification of her loans through the Home Affordable Modification Program, or HAMP.  (Id. ¶ 27.)

In October 2009, another unnamed representative of Bank of America allegedly told Plaintiff that she had been pre-approved for a loan modification through HAMP.  (Id. ¶ 29.)  Although the representative told Plaintiff that she would receive a modification agreement, Plaintiff never received any writing from Bank of America confirming her discussions with the representative.  In January 2010, Plaintiff contends that an unnamed Bank representative told her that her modified payment would be $930.00, but that in February she was informed that her modified payment would be $1,266.03, and that she should begin making those payments in March 2010.  (Id. ¶¶ 37, 39-40.)  Again, she received nothing in writing to confirm these discussions.  She now contends that the representative promised her that if she made three trial payments under the modification program, the modification would be made permanent.  (Id. ¶ 44.)

Plaintiff made three reduced payments as allegedly instructed.  She never received a confirmation of her trial modification program, and indeed rather than confirmation, she

was asked to fill out another application for the program.  (Id. ¶ 51.)  In May 2010, Plaintiff was asked to fill out a third application.  (Id. ¶ 57.)

Plaintiff alleges that after making modified payments for months, she "ceased making her modified payments in order to get the attention of Defendant and pressure it to finalize the permanent modification." (Id. ¶ 63.)  In the spring of 2011, Bank of America notified Plaintiff that she was in default under the mortgage.  (Id. ¶ 66.)  Bank of America has threatened foreclosure, but the Complaint does not indicate whether foreclosure proceedings have been commenced.

The Complaint contains eight causes of action.  The first three are grounded in Plaintiff's contention that Bank of America breached its contract with her by failing to permanently modify her mortgage payments (Count III).  She seeks both a declaratory judgment (Count I) and injunctive relief (Count II) regarding that alleged breach.  She also contends that Bank of America breached its statutory duties to her (Count IV), committed fraud (Count V) and negligent misrepresentation (Count VI), should be estopped from denying a contract through promissory estoppel (Count VII), and was unjustly enriched (Count VIII).  Bank of America seeks a dismissal of all Counts.

## II.   DISCUSSION

### A.   Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187

(8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

> **B.     Breach of Contract, Promissory Estoppel, Declaratory Judgment, and Injunctive Relief**

Plaintiff contends that Bank of America breached its contract with her to modify her mortgage, or should be estopped from claiming that no contract existed. Bank of America argues that Minnesota's credit statute of frauds precludes Plaintiff's breach of contract and promissory estoppel claims. That statute requires that credit agreements must be in writing signed by both the creditor and the debtor and must set forth "the relevant terms and conditions." Minn. Stat. § 513.33, subd. 2. Because there is no

4

writing in this case that sets forth any of the terms of the alleged agreement between Plaintiff and Bank of America, the statute of frauds would appear to preclude Plaintiff's claims at the outset.

Several Judges in this District have addressed substantially identical claims, and nearly all have determined that the credit statute of frauds prohibits a breach of contract claim in this situation. See, e.g., Olivares v. PNC Bank, No. 11-cv-1626, 2011 WL 4860167, at *5 (D. Minn. Oct. 13, 2011) (Montgomery, J.). More damaging to Plaintiff's theory is the fact that, in all of the cases, there was some writing between the bank and the mortgagee indicating that the mortgagee would be allowed to make modified payments. Here, there is no writing whatsoever. This is precisely the situation the statute of frauds was intended to prevent, and it is clear that the Minnesota statute of frauds precludes Plaintiff's breach of contract claim.

Plaintiff argues that her oral agreement with Bank of America is not a new credit agreement, and therefore that it does not fall within the statute of frauds. The statute provides, however, that it applies to any agreement "to make any other financial accommodation." Minn. Stat. § 513.33, subd. 1(1). Courts have uniformly held that a modification to an existing credit agreements falls within the credit statute of frauds. E.g., Highland Bank v. Dyab, No. A10-824, 2011 WL 781169, at *6 (Minn. Ct. App. Mar. 8, 2011) (noting that credit agreement "modifications are unenforceable under the statute of frauds in Minn. Stat. § 513.33"). Here, the oral agreement was a modification to Plaintiff's existing mortgage with Bank of America, and is therefore subject to the credit statute of frauds. Her breach of contract claim, and the declaratory judgment and

injunctive relief claims that depend on the breach of contract claim, must be dismissed.

Promissory estoppel likewise cannot remove Plaintiff's claim from the statute of frauds. The Minnesota Court of Appeals has specifically held that

> [t]he plain and unambiguous language of the statute [of frauds] clearly prohibits a claim that a new credit agreement is created unless the agreement is in writing, expresses consideration, sets forth all relevant terms and conditions, and is signed by the creditor and debtor. . . . [Thus] section 513.33 precludes [a plaintiff's] claim of promissory estoppel to establish a new credit agreement.

Greuling v. Wells Fargo Home Mortg., Inc., 690 N.W.2d 757, 762 (Minn. Ct. App. 2005). Plaintiff cannot secure through the application of promissory estoppel what she cannot accomplish with her breach of contract claim. The promissory estoppel claim is dismissed.

### C. Breach of Mortgagee Duty

Plaintiff next argues that Bank of America breached the Minnesota statutory duty of good faith. This duty provides that "the mortgagee . . . may fairly and in good faith purchase the premises so advertised, or any part thereof, at [a sheriff's] sale." Minn. Stat. § 580.11. The statute does not impose any pre-foreclosure duty on the mortgagee. Cox v. Morg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 1060, 1065 (D. Minn. 2011) (Doty, J.). It merely "proscribes bad faith acts by a mortgagee after a foreclosure sale." Laurent v. Mortg. Elec. Registration Sys., Inc., No. 11-cv-2585, 2011 WL 6888800, at *5 (D. Minn. Dec. 30, 2011) (Montgomery, J.). The statute does not apply to Plaintiff's claims and thus the breach of duty claim fails as a matter of law.

### D. Fraud and Negligent Misrepresentation

6

Plaintiff's claims of fraud and negligent misrepresentation allege that the oral representations by unnamed representatives were false and that Bank of America either knew the representations were false or was negligent in communicating them to her. Under Minnesota law, both fraud and negligent misrepresentation claims require some reliance on the part of the person claiming to be injured. See Bonhiver v. Graff, 248 N.W.2d 291, 299 (Minn. 1976) (noting "justifiable reliance" as an element of a negligent misrepresentation claim); Hoyt Props., Inc. v. Prod. Res. Group, LLC, 736 N.W.2d 313, 318 (Minn. 2007) (noting that reliance and pecuniary damage are elements of fraudulent representation claim). Plaintiff claims to have relied on the alleged misrepresentations by making modified mortgage payments, but she was contractually obligated to make those mortgage payments to Bank of America in any event. Olivares, 2011 WL 4860167, at *7. Indeed, as in Olivares, the payments Plaintiff made were less than the payments she was otherwise required to make. She has not identified any other detrimental reliance on the alleged misrepresentations, and her claims therefore fail.

  **E.**  **Unjust Enrichment**

There can be no claim for unjust enrichment under Minnesota law where an express contract exists. "[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract." U.S. Fire Ins. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1982); see also M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 616 F.3d 872, 880 (8th Cir. 2010) (finding that unjust enrichment "does not apply where the rights of the parties are governed by a valid contract" under Minnesota law). Plaintiff

and Bank of America had a contract, namely the original mortgage agreement. The claim for unjust enrichment is therefore dismissed.

### F. Conclusion

Plaintiff has failed to allege facts that plausibly establish any of her claims. The Complaint will be dismissed.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Bank of America, N.A.'s Motion to Dismiss [Doc. No. 3] is **GRANTED**; and

2. The Complaint [Doc. No. 1-1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 25, 2012                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge